**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  10-cv-02686-REB-MEH

EMAD HANANY and
CRAIG HAWK,

     Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

     Defendant.

---

**PROTECTIVE ORDER**

---

This matter comes before the Court on the parties' Stipulated Motion for Entry of

Protective Order.  The Court has reviewed the Motion, and for good cause shown, will grant

the Motion.  Therefore, IT IS ORDERED:

1.     This Protective Order shall apply to all documents, materials, and information,

including without limitation, documents produced, answers to interrogatories, responses

to requests for admission, deposition testimony, and other information disclosed pursuant

to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.     As used in this Protective Order, "document" is defined as provided in Fed.

R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning

of this term.

3.     Information designated "CONFIDENTIAL" shall be information that is

confidential and implicates common law and statutory privacy interests such as: (a)

personnel records of current or former third-party employees of Defendant Wells Fargo,

N.A. ("Defendant" or "Wells Fargo"); (b) banking or other financial, credit or account records of current or former third-party customers of Defendant; and (c) Defendant's trade secrets or other confidential and proprietary commercial or financial information belonging to Defendant. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4.    CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall be used solely for the purpose of this action, and shall not, without the consent of the party producing it or further Order of the Court, be used, transferred, disclosed or communicated in any way, except that such information may be disclosed to:

(a)    attorneys actively working on this case;

(b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)    the parties, including designated representatives for Defendant;

(d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)    the Court and its employees ("Court Personnel");

(f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)    deponents, witnesses, or potential witnesses; and

(h)    other persons by written agreement of the parties.

5.     Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person an executed "Written Assurance" in the form attached hereto as Exhibit A.  All such written assurances shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.     Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7.     Any party who inadvertently fails to identify documents or information as CONFIDENTIAL shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents.  Any party receiving such improperly-designated documents shall promptly retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

8.     Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned.  The receiving party shall return such inadvertently produced documents, including all copies and copies the receiving party provided to any other individual or entity, within 14 days of receiving such a written request.

9.     Any pleadings, exhibits or filings which contain CONFIDENTIAL information,

or testimony designated as CONFIDENTIAL, shall be filed under seal with the Court in accordance with D.C. COLO. LCivR 7.2 and the Court's "Electronic Case Filing Procedures for the District of Colorado."   Prior to disclosure at trial or a hearing regarding CONFIDENTIAL information, the parties may seek further protections against public disclosure from the Court.

10.    Whenever any documents or testimony which contain CONFIDENTIAL information in the form of customer or account information are filed with the Court or presented at trial or a hearing, the party filing or presenting the CONFIDENTIAL information must redact the customer name by replacing it with the customer's initials, and must redact the customer account number by replacing it with the last four digits of the account number. Such redaction must be performed even if the documents are filed under seal.

11.    Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.   Transcript pages containing CONFIDENTIAL information must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony.

12.    A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The

4

written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

13.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

14.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 14th day of January, 2011, in Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

**EXHIBIT A**
**WRITTEN ASSURANCE**

_____ declares that:

I reside at _____ in the City of
_____, County of _____, State of _____
_____. My telephone number is
_____.

I am currently employed by _____,
located at _____, and my
current job title is _____.

I have read and I understand the terms of the Protective Order dated
_____, filed in Civil Action No. 1:10-cv-02686-REB-MEH, pending in the
United States District Court for the District of Colorado. I agree to comply with and be
bound by the provisions of the Protective Order. I understand that any violation of the
Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated
"CONFIDENTIAL" obtained pursuant to such Protective Order, or the contents of such
documents, to any person other than those specifically authorized by the Protective Order.
I shall not copy or use such documents except for the purposes of this action and pursuant
to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this
action, I shall return to the attorney from whom I have received them, any documents in my
possession designated "CONFIDENTIAL," and all copies, excerpts, summaries, notes,
digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the
District of Colorado for the purpose of enforcing or otherwise providing relief relating to the
Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on _____          _____
_____
           (Date)                                        (Signature)

7